IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AIS GANGUEV,

　　　　　　　　*Petitioner,*

　　v.　　　　　　　　　　　　　　　　　CIVIL ACTION

J.L. JAMISON, et al.,　　　　　　　　　NO. 26-1976

　　　　　　　　*Respondents.*

## ORDER

**AND NOW**, this 1st day of April, 2026, upon consideration of the Petition for a

Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Response in Opposition,

(Dkt. No. 3), it is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1.　**Ganguev is not subject to mandatory detention under 8 U.S.C.**

　　**§ 1225(b)(2)**, and instead may be detained, if at all, pursuant to the

　　discretionary provisions of 8 U.S.C. § 1226(a).[1]

---

[1]　　In November of 2023, Ais Ganguev—a native of Russia—entered the United States through the border with Mexico. (Pet. ¶ 17, Dkt. No. 1.) DHS agents detained Ganguev, began removal proceedings against him, and then released him into the country. (*Id.*) Ganguev moved to Philadelphia but, during a routine check-in on March 25, 2026, immigration officials arrested him and sent him to the Philadelphia Federal Detention Center. (*Id.* ¶¶ 18–21.) He remains detained under 8 U.S.C. § 1225(b), which does not provide him an opportunity to seek bond before an immigration judge. (*Id.* ¶¶ 34–38.)

Ganguev filed a federal *habeas* petition on March 26, 2026, alleging violations of the Immigration and Nationality Act, the Administrative Procedure Act, and due process. (*Id.* at 12–16.) He seeks an order to prevent his transfer outside the Eastern District of Pennsylvania, declare his detention is unlawful, and immediately release him or alternatively conduct a bond hearing. (*Id.* at 16–18.) The Government opposes the petition because, among other things, Ganguev is "an inadmissible arriving alien" subject to mandatory detention. *See* (Gov't Resp. in Opp'n at 5, 8–10, Dkt. No. 3).

The Court disagrees with the Government for the reasons stated in *Murodov v. Jamison*, No. 26-594, 2026 WL 413440 (E.D. Pa. Feb. 13, 2026). Because the Government detained Ganguev under § 1226(a) and not § 1225(b)(2), it must afford him the opportunity to seek bond at a hearing before an immigration judge. *See Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *5 (E.D. Pa. Nov. 18, 2025). The Court need not address his due process or APA claims.

2. **On or before April 8, 2026**, the current Director of Immigration and Customs Enforcement for the Philadelphia Field Office shall provide Ganguev with a bond hearing in accordance with 8 U.S.C. § 1226(a).

3. Should the immigration judge deny bond, Ganguev may appeal that decision to the Board of Immigration Appeals.

BY THE COURT:


*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.